KELLAM v. FRISCHKORN REAL ESTATE CO.

1. VENDOR AND PURCHASER — FRAUD — REPRESENTATIONS AS TO FUTURE CONDUCT—FRAUDULENT INTENT.

Where alleged fraudulent representations in the sale of lots did not relate to an existing fact, but, if made at all, related to the intended future conduct of the seller relative to the subject-matter of the contract, such misrepresentations could not be made the basis of canceling the contract unless it was proved that they were made with actual fraudulent intent.

2. SAME—PROOF OF FRAUDULENT INTENT NECESSARY.

A suit for the cancellation of a contract for the purchase of lots on the ground that the seller falsely represented that it would sell for the buyer any and all houses constructed on said lots as fast as they were ready, and would then discount the contracts, but that it had failed to do so, was properly dismissed, where there was no proof that said alleged misrepresentations, if made, were prompted by a then present intent to deceive and defraud.

Appeal from Wayne; Johnson (Clayton C.), J., pre-

---

¹Vendor and Purchaser, 39 Cyc. p. 1257.

siding. Submitted April 5, 1928. (Docket No. 53.) Decided June 4, 1928.

Bill by James S. Kellam against the Frischkorn Real Estate Company for the cancellation of land contracts, to enjoin summary proceedings, and for an accounting. From a decree dismissing the bill, plaintiff appeals. Affirmed.

*Aldrich & Zeleznik,* for plaintiff.

*Frank N. Renaud* (*George P. Coash,* of counsel), for defendant.

NORTH, J. The question for determination in this litigation is whether the proof of the alleged misrepresentations is such that the relief sought should be granted. The trial court dismissed the bill of complaint, and the case has been appealed to this court.

The plaintiff purchased on separate land contracts 30 lots from the defendant company, which is a Michigan corporation engaged in the real estate business. The plaintiff claims that he was induced to contract to purchase these lots because it was represented to him that the defendant company would sell for the plaintiff any and all houses constructed upon these lots as fast as the same were ready for occupancy, and that when the houses were sold on land contracts the defendant would discount such contracts at the rate of 30 per cent. George Frischkorn and Charles Frischkorn were active in the management of the defendant company; and the plaintiff claims that one of these men in the presence of the other made the foregoing representations, and that the same were false and fraudulent statements made for the sole purpose of "encouraging" the plaintiff to expend all his money on these properties; and, further, that this was done for the fraudulent purpose of enabling the defendant to

repossess itself of these lots in consequence of plaintiff's inability to meet accruing payments on his respective contracts of purchase. In pursuance of the arrangement claimed by the plaintiff to have been made between the parties, and in accordance with plans and specifications obtained from the defendant, the plaintiff undertook the construction of houses on six or seven of the lots, three of the houses being fully completed. Though requested to do so, the defendant failed to sell any of the houses after completion, but each of the three was sold by the plaintiff. The plaintiff then presented one or more of these contracts and asked that it be discounted by the defendant. The defendant declined to do this on the ground that real estate was moving slowly and that it was not financially able to do so.

In the meantime the plaintiff had fallen badly in arrears on the payments due on his respective land contracts, the defendant had declared forfeitures and instituted summary proceedings before a circuit court commissioner. The plaintiff sought in this case to have the summary proceedings restrained and to have his contracts for 23 of the lots on which he had not built canceled and the defendant required to account to him for all moneys expended incident to these 23 lots, including plaintiff's payments on the purchase price thereof.

The defendant denied making the foregoing promises or representations, and also denied that it had been guilty of any fraudulent intent in its dealings with the plaintiff. Charles Frischkorn was called by the plaintiff for cross-examination under the statute, and he testified that he was present during a conversation between the plaintiff and his brother, and the witness specifically denied stating to the plaintiff that he would discount these contracts at the rate of 30 per cent., or that he took any part in the conversation. The

record contains no testimony denying that George Frischkorn made such a representation to the plaintiff. But if we assume, for the purposes of this case, that the alleged misrepresentations were made, still the plaintiff has not established his right to recover. This is true because the alleged fraudulent representations in this case did not relate to an existing fact; but, instead, if made at all, they referred to the intended future conduct of the defendant relative to the subject-matter of the contract. Such misrepresentations could not be made a basis of recovery except it was proven that the defendant's agent made the same with an actual fraudulent intent. The theory and circumstances under which there may be a recovery in this type of cases are clearly pointed out in *Milwaukee Tank Works* v. *East Jordan Co-operative Ass'n, ante,* 266. Even if we indulge in the assumption that the defendant's representative made the alleged misrepresentations, the record is absolutely barren of any proof which would justify a court in determining that at the time of such alleged misrepresentations they were prompted by a then present intent to deceive and defraud the plaintiff.

The decree of the lower court is affirmed, with costs to the appellee.

WIEST, CLARK, MCDONALD, POTTER, and SHARPE, JJ., concurred. FEAD, C. J., and FELLOWS, J., did not sit.